UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THE WRONGFUL DEATH ESTATE OF RYAN N. HEYERLY, DECEASED, <br><br>Plaintiff, <br><br>v. <br><br>BARRY J. STORY, Wells County Sheriff, PATTI CHRISTIAN, Wells County Jail Commander, C. JOAN GRAY, Public Health Nurse, JENNIFER J. WELDY, ANGELA BOWERS and SCOTT A. JOHNSON, Wells County Confinement Officers, WELLS COUNTY and STATE OF INDIANA, <br><br>Defendants. | CAUSE NO.: 1:05-CV-155-TS |

## OPINION AND ORDER

This matter is before the Court on Defendant Wells County's Motion to Dismiss [DE 33] Count II of the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Plaintiff clarifies that it did not intend to state a cause of action against the County in Count II of the Complaint, the Court grants the Motion.

## BACKGROUND

On May 6, 2005, Arlin Heyerly and Roxanne Heyerly, as parents and personal representatives of the estate of Ryan Heyerly, filed a Complaint against Barry J. Story, the Wells County Sheriff, Patti Christian, the Wells County Jail Commander, C. Joan Gray, the Public Health Nurse, Wells County Confinement Officers Jennifer J. Weldy, Angela Bowers, and Scott A. Johnson, Wells County, and the State of Indiana. The Estate alleges that the Defendants violated 42

U.S.C. § 1983 and the Eighth and Fourteenth Amendments. They assert that the Defendants, depending on their capacity, were either deliberately indifferent to Heyerly's medical needs, which resulted in his death, or failed to have adequate procedures in place to prevent his prolonged and untreated illness or to provide requisite medical care to inmates. The Plaintiff also asserts a state law negligence claim.

On June 27, 2005, Wells County and C. Joan Gray filed an Answer and Affirmative Defenses, which they amended on June 30. Also on June 27, Wells County filed a motion to dismiss the § 1983 claim. The Plaintiff responded on July 1, 2005.

**DISCUSSION**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A dismissal under Rule 12(b)(6) for failure to state a claim is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

The County argues that is cannot be held liable for the acts of omissions of jail officers employed by the Sheriff. It contends that the Sheriff, and not Wells County, is the final policymaking authority for § 1983 purposes and that the Complaint does not allege that a County

policy or custom caused the deprivation of constitutional rights.

In its response, the Plaintiff clarifies that it did not intend to seek relief against Wells County pursuant to § 1983. The Plaintiff does not object to the Court granting the County's motion for purposes of clarity, which would not affect the Plaintiff's state law claim against the County.

Because the Plaintiff does not allege facts that would entitle it to relief against the County and does not object to the County's Motion to Dismiss, the Motion is granted.

## CONCLUSION

For the foregoing reasons, Defendant Wells County's Motion to Dismiss [DE 33] the Plaintiff's § 1983 claim against it is GRANTED. The Court continues to exercise supplemental jurisdiction over the Plaintiff's state law claim against the County.

SO ORDERED on November 4, 2005.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT