UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THE WRONGFUL DEATH ESTATE<br>OF RYAN N. HEYERLY, DECEASED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CV-155-TS |
| | ) | |
| BARRY J. STORY, Wells County Sheriff, | ) | |
| PATTI CHRISTIAN, Wells County Jail | ) | |
| Commander, C. JOAN GRAY, Public | ) | |
| Health Nurse, JENNIFER J. WELDY, | ) | |
| ANGELA BOWERS and SCOTT A. | ) | |
| JOHNSON, Wells County Confinement | ) | |
| Officers, WELLS COUNTY and STATE | ) | |
| OF INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the State of Indiana's Motion to Dismiss [DE 7] the

Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

**BACKGROUND**

On May 6, 2005, Arlin Heyerly and Roxanne Heyerly, as parents and personal

representatives of the estate of Ryan Heyerly, filed a Complaint against Barry J. Story, the Wells

County Sheriff, Patti Christian, the Wells County Jail Commander, C. Joan Gray, the Public Health

Nurse, Jennifer J. Weldy, Angela Bowers and Scott A. Johnson, Wells County Confinement

Officers, Wells County and State of Indiana. The Estate[1] alleges that the Defendants violated 42

---

[1] Since filing the Complaint, the parties have stipulated that the proper plaintiff in this case is the Estate of
Ryan N. Heyerly.

U.S.C. § 1983 and the Eighth and Fourteenth Amendments. They contend that the Defendants, depending on their capacity, were either deliberately indifferent to Heyerly's medical needs, which resulted in his death, or failed to have adequate procedures in place to prevent his prolonged and untreated illness or to provide requisite medical care to inmates. The Plaintiff also invokes the Court's supplemental jurisdiction to assert a state law negligence claim.

On May 20, 2005, the State of Indiana filed a Motion to Dismiss all the Plaintiff's claims against on the basis of the following: (1) the State has sovereign immunity under the Eleventh Amendment; (2) the State is not a "person" under § 1983; and (3) the State cannot be held liable under the principle of respondeat superior. On June 6, the Plaintiff responded that although it was not pursuing a claim against the State of Indiana under §1983, it had stated a claim against the State under the Tort Claims Act for the negligent care given to Heyerly as an Indiana Department of Corrections inmate based upon the State's agency relationship with the Wells County Jail. On June 10, the State replied that it was entitled to immunity under the Eleventh Amendment and state law, necessitating dismissal of the tort claim.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A dismissal under Rule 12(b)(6) for failure to state a claim is not proper "unless it appears beyond

2

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. As with motions under Rule 12(b)(6), the court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in favor the plaintiff. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

### ALLEGATIONS SET FORTH IN THE COMPLAINT

On May 21, 2003, Ryan Heyerly was sentenced to a term of imprisonment in the Indiana Department of Corrections. He was incarcerated at the Wells County Jail on June 14, 2003, when he began feeling ill and had trouble breathing. This progressed to chest pains, shortness of breath, and fever. A few days later, Heyerly was experiencing serious difficulty in breathing, increased respirations, shortness of breath, chest pains, fever, discoloration, and swollen glands. On June 18, Heyerly told confinement officers that he was feeling ill. They responded that he would have to submit a written request to see the nurse. Other inmates told jail confinement officers that Heyerly was very sick and needed medical attention.

On June 19, Heyerly submitted a written request to the Wells County Jail Commander, Patti Christian, to see a nurse. He complained of fever, cold shakes, headaches, and night sweats. On June 20, C. Joan Gray, a Public Health Nurse for Wells County, examined Heyerly at the Wells County Jail. Heyerly described the above symptoms and added nausea and vomiting. He also stated that he was not able to sleep lying down. Heyerly was found to have a 102.9-degree temperature, 124 beats

per minute pulse rate, 96/70 blood pressure, and elevated breathing. Gray provided Heyerly with fever medication.

On June 20, Heyerly called his mother and told her he was still experiencing shortness of breath. His mother then called the office of the public health nurse and reported the shortness of breath. During the evening hours of that same day, Heyerly called his mother to say that he had blood in his vomit. Inmates noticed Heyerly's critical medical condition and banged on doors and yelled for over an hour trying to get the attention of jail confinement officers.

In the early morning hours of June 21, Heyerly was transported to Bluffton Regional Medical Center where he was evaluated and transported to Lutheran Hospital in Fort Wayne, Indiana. Heyerly was in serious distress and his vital systems were failing from the serious infection that had filled his chest and membrane around his heart. Heyerly died on June 22, 2003, at 4:10 a.m. as result of acute peridaritis due to group C streptococcus.

**DISCUSSION**

Because the Plaintiff concedes that it cannot pursue a § 1983 claim against the State, the only remaining issue for the Court to decide is whether the Plaintiff can proceed with its state tort claim. The State argues that it is immune under the Eleventh Amendment and state law.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Under the Eleventh Amendment an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.

4

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A mere grant of jurisdiction, such as that of supplemental jurisdiction under § 1367, does not override the Eleventh Amendment. *See id.* at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). In the absence of a Congressional abrogation of state sovereign immunity, only an express waiver by the state itself is sufficient to allow suit in federal court. *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991); *Naked City, Inc. v. Aregood*, 667 F. Supp. 1246, 1257 (N.D. Ind. 1987) ("The Eleventh Amendment of the Constitution of the United States prohibits suits brought against a state or its agencies unless the state consents to such suit or Congress expressly abrogates the state's immunity.").

There is no evidence in this record to indicate that the State of Indiana expressly or impliedly consented to be sued in federal court. The Indiana Supreme Court abolished common-law sovereign immunity in 1972. *See Campbell v. State*, 284 N.E.2d 733 (1972). The Indiana legislature responded with the Indiana Tort Claims Act (ITCA), Ind. Code § 34-13-3-3, which "established extensive immunity provisions which shield governmental units from [tort] liability." *Benton v. City of Oakland City*, 721 N.E.2d 224, 232 (Ind. 1999). The Indiana Tort Claims Act explicitly states that it shall not be construed as a waiver of the eleventh amendment to the Constitution of the United States or consent by the state of Indiana or its employees to be sued in any federal court. Ind. Code § 34-13-3-5(f). Thus, the State of Indiana's Motion to Dismiss the state tort claim for failure to state a claim is granted.[2]

---

[2] Seventh Circuit jurisprudence dictates that the Eleventh Amendment does not deprive a court of subject matter jurisdiction. *See Higgins v. Mississippi,* 217 F.3d 951, 953 (7th Cir. 2000). Thus, dismissal is appropriate under Rule 12(b)(6) rather than 12(b)(1).

## CONCLUSION

For the foregoing reasons, the State of Indiana's Motion to Dismiss [DE 7] is GRANTED

and the Plaintiff's claims against the State of Indiana are dismissed with prejudice.

SO ORDERED on November 4, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

6